Brackett *v.* Persons unknown.

———◆———

JOHN BRACKETT & als., *Petitioners for Partition,* versus
PERSONS UNKNOWN.*

In a petition for partition, a sole seizin in the respondent may be established
by a possession commenced twenty years *before the trial,* although less than
twenty years *before the commencement of the suit.*

Open, notorious, exclusive and adverse possession of. upland adjacent to
flats for twenty years, under a deed duly recorded, gives a title to all the
flats fronting such upland, and described in the deed.

Exceptions to a refusal to give requested instructions will be overruled,

* This case has just come into the hands of the present Reporter.

when they call upon the Court to take from the jury the determination of facts; or when the case does not show the facts to which the requested instructions relate.

A description in a deed "thence north-easterly as Fore river runs," includes the flats to the middle of Fore river.

A widow is entitled to dower in flats owned by her husband, although they are covered by tide waters and remain unimproved down to the time of his decease.

ON EXCEPTIONS to the rulings of DAVIS, J.

PETITION FOR PARTITION of certain flats in the city of Portland, consisting of the flats fronting the three parcels of land described as conveyed by separate deeds of Thomas Brackett to Joshua Brackett, to Keziah Brackett and to Mary Smith, in 1787.

The petitioners put in evidence a copy of an assignment of widow's dower, and of a deed of Thomas Brackett to Wm. Vaughan, dated in 1787; and also a copy of the three deeds above mentioned.

It was admitted that the petitioners represent five-eighths of the estate of Thomas Brackett, if any remains undivided, and that Thomas Brackett did not in his lifetime convey the premises demanded for partition, unless by the deeds above mentioned, and that he died before the year 1830.

The respondents, who claim the premises in fee by record title, as well as possession, put in sundry mesne conveyances, by which, (it was admitted,) all of the upland adjoining the flats in question were derived by sufficient title from Thomas Brackett, made during his lifetime or subsequently to his decease, and that the respondents and those under whom they have claimed, for more than twenty years past, have been in open, notorious, exclusive and adverse possession of the upland, and claimed all the flats in question by recorded titles of upland and flats; that no actual, adverse and continued occupancy of said flats, other than by occupancy of the upland, and claiming title on record of the flats adjacent and appurtenant, has been made by the respondents or those under whom they claim, for a period of twenty years past; while no possession has been had of the

flats or upland by any of the petitioners, or by any other persons, except the respondents.

Upon the foregoing testimony the petitioners requested the presiding Judge to charge the jury as follows : —

1. That a conveyance made by a party having no legal record title, or open, notorious, adverse and exclusive possession of the premises, does not constitute a disseizin *of any person*, by either the *grantor* or *grantee*, in such conveyance, nor by any one claiming under them, or either of them, beyond what such successors to such grantor have established for more than twenty years before the entry of the petitioner's petition, by open, notorious and exclusive actual occupation.

2. That such an occupation of upland, *bordering upon tide waters*, as is supposed above, although open, notorious, adverse and exclusive, does not, *per se*, constitute an *open, notorious, adverse* and *exclusive* possession *of the flats fronting such upland*, such as will operate as a disseizin of any other person, or invest by possession title thereto in the owners of such upland, without or beyond the extent of an actual, visible occupation of the same adversely to others.

3. That there is no testimony in this case that any portion of the flats claimed by the petitioners has ever been occupied openly, notoriously and exclusively and continuously by any respondent, or any grantor of any respondent to any extent, anterior to the year 1850, except so far as the P. S. & P. R. R. have occupied portions of it since the dates of the deeds put into the case by them, and that, therefore, the petitioners, who are proved to have been the heirs of Thomas Brackett, have never been disseized of the same by either of the respondents, or any grantor of any of the respondents, for more than twenty years, either prior to the date of the petition in this case, or prior to the present time.

4. That there is no evidence that any *actual* entry into possession of the premises described in the mortgage of James Smith to Neal Dow, was ever taken by said Dow for

foreclosure of the same, under the written consent of said Smith, put into the case by the respondents.

And that, upon the evidence in the case, said mortgage is outstanding, and has never been foreclosed, and the fee simple of said premises is not proved to be in any of the respondents claiming the same.

5. That there is no evidence that said Dow caused said James Smith's said consent to said Dow, dated October 30, 1838, to enter into possession of said mortgaged premises, for purposes of foreclosure, to be recorded in the registry of deeds for the county of Cumberland, until Sept. 8, 1841, according to the proof put into the case by the respondents. And that such record, made Sept. 8, 1841, would be wholly invalid, without a record made pursuant to the statutes of Feb. 20, 1839.

6. That the deeds of Thomas Brackett to Joshua Brackett, of 1787, and of same to Keziah Brackett, of 1787, taken in connection with the previous conveyance to William Vaughan, by said Thomas, referred to in said Thomas' deed to Joshua Brackett, did not include the flats below the bank of Fore river.

7. That the deed of Thomas Brackett to Mary Smith, in 1787, in this case, did not include the flats below the upland described therein, within the meaning of the parties thereto, as evidenced by the language and references contained in the deed.

8. That there has been no open, adverse, notorious and exclusive occupation of the flats in front of said Mary Smith's lot, by any person, for a period of more than twenty years prior to the date of the petition filed in this case, nor prior to the present time.

9. That the respondents, under the instructions herein before enumerated, are not entitled to hold any portion of the flats demanded for partition by the petitioners, against the petitioners.

10. That flats covered by tide waters *unimproved down to the time of the husband's* decease by any actual and exclu-

sive occupation, are not the subject matter of dower, within the meaning of the statutes of Massachusetts, or the law of that State, at the time of the decease of Anthony Brackett, and, if so, the corner bound of the dower of Keranhappuck Brackett, referred to in the deed of Thomas Brackett to Mary Smith, can only refer to an upland boundary on the bank of Fore river.

The instruction asked for in the first request was given, except that the limitation of the twenty years' possession was to the time of the trial, instead of the entry of the petition.

The second was not given, but the jury were instructed that such an occupation for twenty years, if under recorded deeds purporting to convey both flats and upland, would warrant the jury to find the title of both flats and upland in the occupants, provided no other person had, during the time, had or claimed possession of or title in the flats.

The third, fourth and fifth were not given.

The sixth was given.

The seventh, eighth and tenth were not given, but the jury were instructed that the deed of Thomas Brackett to Mary Smith, dated Oct. 9, 1787, did, by its terms and the references contained in it, convey the flats appurtenant to the upland therein described.

The ninth was not given, but the jury were instructed that, if the respondents and those under whom they claim, had for more than twenty years been in open, notorious, exclusive and adverse possession of the upland to which the flats claimed are incident, under recorded deeds thereof purporting to convey both upland and flats, and no other person had during any portion of that time been in possession of any portion of the flats, claiming title therein, that was sufficient to warrant them in returning a verdict for the respondents.

The verdict was for the respondents, and the petitioners excepted.

Brackett *v.* Persons unknown.

F. O. J. Smith, for the petitioners.

E. & F. Fox, for the respondents.

APPLETON, J. — This is a petition for partition of certain flats. The petitioners derive title from Thomas Brackett. The respondents set up a title by adverse possession.

"The respondents," who claim the premises in "fee, by record title as well as by possession," as appears from the report, "put in sundry mesne conveyances, which need not be copied but may be referred to by either party, by which (it is admitted) all of the upland adjoining the flats in question were derived by sufficient title from Thomas Brackett, made during his lifetime or subsequently to his decease, and that the respondents and those under whom they have claimed, for more than twenty years past, have been in open, notorious, exclusive, and adverse possession of the uplands and claimed the flats in question, by recorded titles of uplands and flats; that no actual, adverse, and continued occupancy of said flats, other than by occupancy of the upland and claiming title on record of the flats adjacent and appurtenant, has been made by the respondents or those under whom they claim, for a period of twenty years past, while no possession has been had of the flats or upland by any of the petitioners, or by any other person, except the respondents."

The counsel for the petitioners requested certain instructions, the correctness of which, as well as those given, will be considered.

1. "That a conveyance made by a party having no legal record title, or open, notorious, adverse and exclusive possession of the premises, does not constitute a disseizin of any person by either the grantor or grantee in such conveyance, nor by any one claiming under them, or either of them, beyond what such successors to such grantor have established for more than twenty years before the entry of the petitioners' petition, by open, notorious and exclusive actual occupation."

This instruction was given, except that the limitation of the twenty years possession was before the time of the trial instead of the entry of the petition.

The limitation was properly imposed. In a petition for partition, a sole seizin in the respondent may be established by a possession commenced twenty years *before the trial,* though less than twenty years before the commencement of the suit. *Saco Water Power Co.* v. *Goldthwait,* 35 Maine, 456.

If, in some respects, the Court erred in favor of the petitioners, it is not for them to complain. The instruction given is sufficiently favorable.

It required the admitted fact of occupation for twenty years of upland and flats under a recorded title.

2. The second request was refused and properly. But " the jury were instructed that such an occupation for twenty years, if under recorded deeds purporting to convey both flats and upland, would warrant the jury to find the title of both flats and upland in the occupants, provided no other person had or claimed possession of a title in the flats."

The instruction as given, it has been seen, in *Brackett, pet.,* v. *Persons unknown,* (*ante* p. 228,) is in entire conformity with the well settled principles of law.

3. The third request was properly refused. It required the Court to determine the effect of the evidence, instead of submitting the facts under proper instructions to the jury.

4 & 5. The fourth and fifth requests were properly refused, because they take away from the jury the right to determine the facts in question, and because the bill of exceptions is silent as to the facts to which they relate.

6. The sixth request was granted.

7. The seventh request was refused, and the jury were "instructed that the deed of Thomas Brackett to Mary Smith, dated Oct. 9. 1787, did, by its terms and the references contained in it, convey the flats appurtenant to the upland therein described."

This was correct. The description in the deed is as fol-

lows :—" Beginning at the most southerly corner of that lot or parcel of land which has been set off to Kerranhappuck Brackett as part of her dower, thence N. 45° west, one hundred and twelve rods to a stake; thence S. 33° E. one hundred and twenty-seven rods; thence north-easterly, *as Fore river runs,* twenty eight rods to the first bounds."

The grantee bounded on a river goes *ad medium filum aquæ,* unless there be decided language showing a manifest intent to stop short at the water's edge. Where premises adjoining a river are described as bounded by a monument standing on the bank and a course is given as running from it *down the river,* as it winds and turns, to another monument, the grantee takes *usque filum aquæ* unless the river be *expressly* excluded from the grant by the terms of the deed. *Luce* v. *Carley,* 24 Wend., 451. "It is never thought," says COWAN, J., "that monuments mentioned in such a deed as occupying the bank of the river are intended by the parties to stand on the precise water line at its high or low water mark. They are used rather to fix the terminus of the line which is described as following the sinuosities of the river." So " down the creek with the several meanders thereof," was held to describe the water in the bed of the creek and not the top of the bank. *McCulloch* v. *Aten,* 2 Ham., 307. The Fore river, it is manifest, must have been regarded as one of the boundaries. *Pike* v. *Munroe,* 36 Maine, 309.

9. The ninth requested instruction was not given, but instead thereof the same was given as in *Brackett, pet.,* v. *Persons unknown,* the correctness of which was fully affirmed in that case. *Ante* p. 228.

10. The tenth was, that flats covered by tide waters unimproved down to the time of the husband's decease, by any actual and exclusive occupation, are not the subject of dower within the meaning of the statutes of Massachusetts, or the law of that State, at the time of the decease of Anthony Brackett, &c., &c.